Dear State Director Tuttle,
The Attorney General is in receipt of your letter requesting an opinion wherein you ask the following questions:
1. May the State Board of Vocational and Technical Education, wherepresented a petition from the Board of Education of Oklahoma CountyDistrict I-89 asking them to call an election for the purpose of formingan area school district co-terminus with said District I-89, legally callsuch an election even though parts of District I-89 are included in areavocational districts formed by South Oklahoma City Junior College andOscar Rose Junior College?
 2. May residents of District I-89 who reside in the overlap with eitherthe South Oklahoma City Junior College Area School District and the OscarRose Junior College Area School District legally vote on whether DistrictI-89 should also become an area school district?
The State Board of Vocational and Technical Education (State Board) is a statutory state agency. 70 O.S. 14-101[70-14-101] et seq. (1971). It is empowered to perform certain functions, one being the establishment of the criteria and procedure by which to create new area school districts. In accordance with said provisions the State Board has promulgated its rules and regulations setting out the necessary and essential steps for the creation of new area school districts. For the purposes of this opinion we shall assume that the petition presented on behalf of District I-89 is in all respects sufficient to satisfy those rules and regulations.
Your questions result from the fact that the area school district to be formed co-terminus with District I-89 will by definition include portions of the area covered by the South Oklahoma City Junior College and Oscar Rose Junior College area school districts. This fact would appear to affect the capacity of the State Board to authorize an election which would create overlapping area school districts. There are two reasons why this is not the case. First, both South Oklahoma City and Oscar Rose Junior College area school districts offer only adult education programs while the programs to be offered in the I-89 area school district will provide only secondary educational programs. Second, even if this were not the case, the Legislature of the State of Oklahoma has stated that the creation of an area school district for the support of a junior college is not to be construed as authorizing or prohibiting the establishment of "an area school district for vocational and/or technical secondary and adult education programs within the allowable remaining fiscal limits as authorized by Article X, Section 9B of the Oklahoma Constitution." 70 O.S. 4421 (1973).
Briefly, Article X, Section 9B of the Constitution provides, inter alia, that levies for the support of area school districts may not exceed five (5) mills on the dollar of assessed valuation of taxable property in any area school district. The creation of a co-terminus area school district with the presently existing District I-89 will create "overlap areas" where residents would conceivably be subject to property taxes for the support of two area school districts. The potential exists for possible double taxation.
A recent Oklahoma Supreme Court decision has addressed this issue. Moore-Norman Area Vocational-Technical School District No. 17 v. Board of Trustees, 519 P.2d 497 (Okla. 1974). Moore-Norman, supra, held that two area school districts could be created which would encompass common areas. However, the property in the overlap area could under no circumstances be subjected to more than a five mill levy for the support of area school districts, however much that may be. Thus where the property in the original school district was already being taxed at the lawful limit, no additional tax could be levied for the support of the subsequently created area school district.
On the basis of the foregoing authorities, we conclude that the State Board is authorized to call an election to create a new area school district co-terminus with District I-89, notwithstanding the fact that the new area school district will include within its geographic limits portions of other area school districts.
With respect to your second question, the new area school district to be created, if approved by the electorate, will be responsible for providing vocational-technical educational programs for secondary students throughout the District I-89 area and will be controlled by the Board of Education of District I-89. Any action taken by said Board of Education will affect the rights of all the residents of the area encompassed by District I-89.
We believe the answer to your second question is controlled by the provisions of 70 O.S. 14-108 (1971), which provides for calling an election of this type, and 70 O.S. 2-201 (1971), which controls school elections for either independent school districts or area school districts. 70 O.S. 2-201B provides that a special election "of the electors of any school district" may be called by the appropriate school board. The electors of the school district are all persons "registered with the county election board at an address located within the geographical boundaries of the district." The law contains no requirement that an elector also be subject to the property tax levy as a precondition to exercising the franchise to vote. All persons who are otherwise qualified electors of the District I-89 area, regardless of their also being residents of some other area school district, are eligible to vote in the election.
It is, therefore, the opinion of the Attorney General that the StateBoard may call an election to create an area school district which isco-terminus with District I-89, notwithstanding the existence of areasschool districts presently operated by South Oklahoma City Junior Collegeand Oscar Rose Junior College. However persons who reside in the overlayarea may not be subject to taxation if the first area schools have leviedthe maximum tax on said property in accordance with Article X, Section 9Bof the Oklahoma Constitution. All qualified electors may vote in theelection even though their property might not be subject to taxation tosupport the new area school.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL